J-A26004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHIRI ARTER | |
| Appellant | No. 396 MDA 2014 |

Appeal from the Judgment of Sentence February 4, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001297-2012

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY MUNDY, J.:          **FILED OCTOBER 08, 2014**

Appellant, Khiri Arter, appeals from the February 4, 2014 judgment of sentence of three months and 15 days' imprisonment, to be followed by two years' county intermediate punishment, imposed following the revocation of his parole and probation.  After careful review, we affirm.

Appellant's sole argument on appeal is that the exclusionary rule under Article I, Section 8 of the Pennsylvania Constitution prevents the Commonwealth from introducing evidence at his parole and probation revocation proceedings that was suppressed by another judge for the purpose of a criminal trial.  Appellant's Brief at 10, 13.  Our Supreme Court has previously held that the Pennsylvania Constitution does not generally provide parolees with greater protection than the Fourth Amendment when it comes to searches and seizures.  ***Commonwealth v. Williams***, 692 A.2d

1031, 1039 (Pa. 1997). The Supreme Court has held the Fourth Amendment's exclusionary rule does not apply in revocation proceedings. **Pa. Bd. of Probation & Parole v. Scott**, 524 U.S. 357, 369 (1998). Our Supreme Court has not specifically addressed whether the Pennsylvania Constitution's exclusionary rule gives heightened protection in revocation proceedings.

However, in **Commonwealth v. Lehman**, 851 A.2d 941 (Pa. Super. 2004), this Court held that "[a]lthough there are instances where Article I, Section 8 mandates greater protection of privacy interests than does the Fourth Amendment … **in the context of probation violation hearings and application of the exclusionary rule, we hold that the state constitution affords no greater protection than does the federal constitution**." **Id.** at 943 (emphasis added). We are aware that the **Lehman** Court did not appear to engage in the four-part analysis that our Supreme Court requires for deciding whether the Pennsylvania Constitution provides higher protections than the Federal Constitution. **See, e.g.**, **Commonwealth v. Edmunds**, 586 A.2d 887, 897, 895 (Pa. 1991). Instead, the **Lehman** Court concluded "that absent direction from our supreme court to the contrary, no deviation from the approach of the U.S. Supreme Court … is warranted." **Id.** This forecloses Appellant's argument that the Pennsylvania Constitution's exclusionary rule extends to revocation proceedings.

It is axiomatic that one three-judge panel of this Court "is not empowered to overrule another panel of th[is] … Court." ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013). Although Appellant has conducted an ***Edmunds*** analysis here, ***Lehman*** is a binding conclusion of state constitutional law that this Court must follow until overruled by this Court sitting *en banc*, or by our Supreme Court. Therefore, we may not grant Appellant the relief that he seeks, and we conclude his sole issue on appeal is devoid of merit on this basis. Accordingly, the trial court's February 4, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/8/2014