J-S01035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND A. MIKELONIS | |
| Appellant | No. 1049 WDA 2014 |

Appeal from the Judgment of Sentence May 28, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000325-2006

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED FEBRUARY 20, 2015**

Appellant, Raymond A. Mikelonis, appeals from the judgment of sentence entered in the Clearfield County Court of Common Pleas, following revocation of his probation.[1]  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this appeal as follows:

> On March 21, 2006, Trooper Carol Ponce of the Pennsylvania State Police filed a Criminal Complaint, charging [Appellant] with three counts of Indecent Assault (Person Less Than 13 Years of Age), three counts of Indecent Exposure, and three counts of Indecent Assault

---

[1] Although Appellant purports to appeal from the order revoking his probation, the appeal properly lies from the judgment of sentence imposed following revocation of his probation. ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155 (Pa.Super. 2007).   (stating direct appeal in criminal proceeding properly lies from judgment of sentence).

(Without the Consent of Other). The charges stemmed from [Appellant] touching the genitalia of three young girls under the age of six, as well as having the victims touch his penis. [Appellant] subsequently pled guilty to three counts of Indecent Assault and three counts of Indecent Exposure on June 5, 2006. On November 1, 2006, the [c]ourt sentenced [Appellant] to a minimum of seven months and a maximum of four years of incarceration, with an additional consecutive period of five years' probation. At sentencing, the [c]ourt further imposed conditions of his probation: Megan's Law registration and absolutely no contact with the victims, [or] any child under the age of eighteen. Also on that day, [Appellant] was classified as a sexually violent predator following a hearing on [Appellant's] Megan's Law Assessment.

[] Upon regaining his freedom from incarceration, [Appellant], on March 25, 2010, met with his probation officers. At that meeting, [Appellant] was given a form created by the Pennsylvania Board of Probation and Parole [("Board")] entitled "Standard Special Conditions for Sex Offenders—Minor Victims." The form…set forth twenty-five conditions of his probation supervision. [Appellant] initialed after each condition, and then signed his name at the end. According to these conditions of probation…[Appellant] had to provide "Probation/Parole Supervision Staff unlimited access to any computer or other wireless/electronic device in [his] possession, including, but not limited to, cellular phones, blackberries, etc., and allow Probation/Parole Supervision Staff to search all programs and records maintained on any computer or such other device in [his] possession." Standard Special Conditions for Sex Offenders, ¶12. Additionally, [Appellant] was not permitted to "possess photographs or other pictures of anyone under the age of 18 years old without prior written permission of Probation/Parole Supervision Staff." *Id.* at ¶24.

While [Appellant was] on probation, on September 1, 2011, [Board] Agent Shuttlesworth…observed [Appellant's] cellphone with a picture of two young boys on the screen during a routine visit at [Appellant's] home. A search of the home was then conducted, and Agent Shuttlesworth found three DVDs under [Appellant's] mattress. The items

were seized and turned over to local police. The police were able to view the contents of the DVDs and found forty-seven videos of pre-pubescent children, all under the age of eighteen, performing sexual acts. Thereafter, [Appellant] was charged with sexual abuse of children relative to his possession of child pornography.[1]

> [1] [Appellant] ultimately pled guilty to these charges on January 5, 2012, and was sentenced in accordance with the plea agreement to an aggregate term of nine months to seven years' incarceration. [Appellant] appealed [his] judgment of sentence to the Superior Court of Pennsylvania, which recently upheld the validity of [Appellant's] guilty plea. [**See**] ***Commonwealth v. Mikelonis***, 1505 WDA 2012[, unpublished memorandum (Pa.Super. filed May 9, 2014)].

On October 25, 2011, [Appellant] appeared before the [c]ourt for a probation revocation hearing due to [these] infractions. The [c]ourt revoked [Appellant's] probation at that time and sentenced [him] to a minimum of three months and a maximum of five years[' incarceration] for each count [of indecent exposure], with the sentence for each count to be served concurrently. On November 29, 2012, [Appellant] filed [a petition] pursuant to the Post Conviction Relief Act [("PCRA")].[2] The [c]ourt denied said [petition] on December 28, 2012 as untimely. …

On January 28, 2014, the Superior Court of Pennsylvania vacated [the PCRA c]ourt's Order dismissing [Appellant's] Petition and remanded [the] case…for [the PCRA c]ourt to consider any PCRA petition filed by [Appellant].[2] The [c]ourt thereafter scheduled a PCRA hearing to be held on March 5, 2014. After the PCRA hearing, the [c]ourt granted [Appellant's] PCRA Petition.[3] As such, the [c]ourt, with the agreement of [Appellant] and his counsel,

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] Preliminarily, the court determined that Appellant's PCRA petition was timely under the prisoner mailbox rule.

- 3 -

ordered that a new probation revocation hearing be held. Said revocation hearing was held on May [28], 2014, and after the conclusion of the evidence and testimony presented, the [c]ourt, for a second time, revoked [Appellant's] probation. Once again, the [c]ourt sentenced [Appellant] to a minimum of three months and a maximum of five years for each of the three counts [of indecent exposure], with the sentence for each count to be served concurrently.

<sup>2</sup> [*See*] ***Commonwealth v. Mikelonis***, 247 WDA 2013[, unpublished memorandum (Pa.Super. filed January 28, 2014)].

(Trial Court Opinion, filed August 12, 2014, at 1-4). Appellant was ordered to serve this revocation sentence consecutively to the sentence imposed following his guilty plea on the new offenses. Appellant filed a timely notice of appeal on June 24, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues for our review:

WHETHER THE COURT ERRED IN REVOKING [APPELLANT'S] PROBATION AND RESENTENCING HIM, WHEN THE ALLEGED PROBATION VIOLATION PROVIDING REASONABLE SUSPICION FOR A SEARCH OF [APPELLANT'S] PREMISES RESULTING IN THE DISCOVERY OF EVIDENCE OF A SUBSEQUENT CRIME WAS NOT A CONDITION OF PROBATION IMPOSED UPON [APPELLANT] BY THE COURT.

WHETHER THE COURT ERRED IN REVOKING [APPELLANT'S] PROBATION AND RESENTENCING HIM, WHEN THE COURT FAILED TO CONSIDER [APPELLANT'S] ARGUMENT CHALLENGING THE LEGALITY OF THE SEARCH OF HIS PREMISES BY HIS PROBATION OFFICER WHICH UNCOVERED EVIDENCE WHICH LED TO THE FILING OF SUBSEQUENT CRIMINAL CHARGES AGAINST [APPELLANT].

(Appellant's Brief at 5).

In his first issue, Appellant argues he did not violate the conditions of his probation by having photos of his grandchildren on his cell phone. Appellant asserts the conditions of his probation, which the court imposed at sentencing, required Appellant simply to have no contact with any child under the age of eighteen. Appellant contends that, in the absence of any evidence of a probation violation, the probation officer lacked reasonable suspicion to perform a search of Appellant's home. Appellant avers the revocation of his probation resulted from his conviction for possession of child pornography, which was based on evidence the probation officer recovered during the allegedly unlawful search of Appellant's residence. Although Appellant pled guilty to the child pornography charges, he suggests the plea was uninformed and claims plea counsel was ineffective for failing to challenge the search of the residence. Appellant argues that if counsel had successfully brought a motion to suppress the evidence, the outcome of that case, and by extension the current probation revocation proceedings, would have been different. Appellant concludes the court erred when it revoked Appellant's probation. We disagree.

The Sentencing Code provides as follows with respect to a court's authority to attach conditions to an order of probation:

§ 9754. Order of probation

(a) General rule.—In imposing an order of probation

the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

**(b) Conditions generally.—**The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

42 Pa.C.S.A. § 9754(a)-(b). Subsection (c) enumerates fourteen conditions a sentencing court may impose upon a defendant when it imposes probation, including a catchall of "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *Id.* § 9754(c)(13). The "[Pennsylvania] Board [of Probation and Parole] or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation." *Commonwealth v. Elliott*, 616 Pa. 524, 536-37, 50 A.3d 1284, 1292 (2012).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa.Super. 2007), *appeal denied*, 596 Pa. 729, 945 A.2d 169 (2008). The Sentencing Code permits a court to revoke an order of probation under the following circumstances:

**§ 9771. Modification or revocation of order of probation**

**(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**— The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(a)-(c). Whether the probationer, in fact, violated the conditions of his probation must be demonstrated by evidence of probative value. ***Commonwealth v. Sims***, 770 A.2d 346 (Pa.Super. 2001). The Commonwealth bears a lesser burden of proof at a probation revocation hearing than it does in a criminal trial. ***Commonwealth v. Allshouse***, 969 A.2d 1236 (Pa.Super. 2009). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of

his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." ***Perreault, supra*** at 558. "[A]n implied condition of any sentence of probation is that the defendant will not commit a further offense." ***Commonwealth v. Infante***, 585 Pa. 408, 420, 888 A.2d 783, 790 (2005) (quoting ***Commonwealth v. Mallon***, 406 A.2d 569, 571 (Pa.Super. 1979)).

A revocation hearing need not "be conducted with the same procedural and evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts." ***Commonwealth v. Kates***, 452 Pa. 102, 118, 305 A.2d 701, 710 (1973). "In this area of rights of probationers and parolees the controlling factor is not whether the traditional rules of evidence or procedure including Fourth and Fifth Amendment exclusionary rules, have been strictly observed, but rather whether the probative value of the evidence has been affected." ***Id. See also Commonwealth v. Holder***, 569 Pa. 474, 482 n.7, 805 A.2d 499, 504 n.7 (2002) (stating that in revocation hearing, "probationer…is not entitled to strict application of the rules of evidence or procedure, including the Fourth and Fifth Amendment exclusionary rules"); ***Commonwealth v. Lehman***, 851 A.2d 941 (Pa.Super. 2004) (holding that in context of probation violation hearings and application of exclusionary rule, Pennsylvania Constitution affords no greater protection than does federal constitution).

Instantly, the trial court reasoned as follows with respect to the

validity of the conditions the Board imposed on Appellant's probation:

> The provisions outlined in the Standard Special Conditions for Sex Offenders, which were imposed upon [Appellant] by the probation office, are permissible conditions of supervision and are derivative of the [c]ourt's condition of probation that [Appellant] not have contact with minors. This general condition was imposed by the [c]ourt at [Appellant's] sentencing on November 1, 2006. Thus, the [c]ourt believes that the provisions in the Standard Special Conditions were lawfully imposed upon [Appellant] by the probation office.

(Trial Court Opinion at 5). We agree. Appellant's focus on the trial court's condition that Appellant avoid contact with minor children ignores the Board's more specific requirement that Appellant not possess photographs of any minors without prior written permission. This requirement was in furtherance of the court's general condition of probation that Appellant not have contact with minors. Therefore, the Board's condition of probation prohibiting Appellant from possessing photographs of minors was valid. *See* 42 Pa.C.S.A. § 9754; ***Elliott, supra***. Moreover, the photograph on Appellant's cell phone was not the only evidence of a probation violation. During a subsequent search of the residence, Agent Shuttlesworth found under Appellant's mattress three DVDs containing child pornography. At the time of the revocation hearing on May 28, 2014, Appellant had pled guilty, in a new criminal case, to forty-seven counts of sexual abuse of children in connection with the child pornography recovered from his home. This Court had determined the guilty plea was valid and affirmed Appellant's judgment of sentence on May 9, 2014. Appellant's commission of a new crime

provided a sufficient basis for the court to revoke his sentence of probation. *See Infante, supra*. Accordingly, the revocation of Appellant's probation was supported by sufficient probative evidence.[4] *See Sims, supra*; *Perreault, supra*.

In his second issue, Appellant argues he presented testimony at the revocation hearing that he had already served four years in prison for his original offenses. Appellant asserts that during his first year of probation, he successfully participated in a sex-offender rehabilitation program. In light of these factors, Appellant contends his "technical" violation of probation, *i.e.*, the photographs of Appellant's grandsons on his cell phone, would have been insufficient, on its own, to support revocation of probation. Appellant further claims the subsequently discovered evidence of child pornography DVDs had limited probative value in the revocation proceedings. Appellant insists the court improperly focused on the fact that Appellant did not challenge the admissibility of this evidence in the separate criminal case; and the court failed to consider factors supporting a lesser sanction than

---

[4] With respect to Appellant's assertion that the search of his residence was unsupported by reasonable suspicion, Appellant was not entitled to application of the exclusionary rule at the probation revocation hearing. *See Holder, supra*; *Lehman, supra*. In any event, Appellant pled guilty to sexual abuse of children in new criminal proceedings based on the evidence recovered during the search, and this Court subsequently affirmed the judgment of sentence. To the extent Appellant challenges the validity of his guilty plea or plea counsel's stewardship in that case, those issues relate to Appellant's separate criminal case, which is not presently before us.

revocation and total confinement. Appellant likewise argues the revocation proceeding was fundamentally unfair, because the court failed to give due consideration to all possible alternatives to incarceration. Appellant insists the revocation hearing was simply a procedural formality and its outcome was a foregone conclusion. Appellant concludes this Court should vacate his revocation sentence. As presented, Appellant's challenge is to the discretionary aspects of his sentence. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that court did not consider certain mitigating factors challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation hearing, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. **Commonwealth v. Heilman**, 876 A.2d 1021 (Pa.Super. 2005). Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). **See also Commonwealth v. Cartrette**, 83 A.3d 1030 (*en banc*) (Pa.Super. 2013) (stating reviewing court's scope of review in appeal from revocation sentence includes discretionary sentencing challenges). Challenges to the

discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Sierra, supra*. Importantly, objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Hartman*, 908 A.2d 316 (Pa.Super. 2006). Additionally, when appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). If an appellant fails to include a Rule 2119(f) statement but the Commonwealth does not object, the reviewing court can ignore the omission and determine if the appellant raised a substantial question as to the discretionary aspects of his sentence. *Commonwealth v. Stewart*, 867 A.2d 589 (Pa.Super. 2005).

Instantly, Appellant failed to object to his revocation sentence at imposition or to file a post-sentence motion. Therefore, Appellant's challenge to the discretionary aspects of his sentence is waived. *See Hartman, supra*. Moreover, Appellant's bald claim that the court ignored certain factors does not raise a substantial question. *See Cruz-Centeno, supra* (stating allegation that sentencing court failed to consider or did not adequately consider certain factors does not raise substantial question). To

the extent Appellant argues his sentence was manifestly excessive, absent more, this claim also fails to present a substantial question. *See Mouzon, supra* (explaining bald allegations of excessiveness do not raise substantial question). *See also Commonwealth v. Carrillo-Diaz*, 64 A.3d 722 (Pa.Super. 2013) (holding record showed court conducted proper pre-sentence inquiry and considered relevant sentencing factors following revocation of appellant's probation, where same judge sat for appellant's plea hearing, original sentencing, and probation revocation hearing and resentencing; at revocation sentencing, court heard from appellant, defense counsel, and Commonwealth's attorney regarding factors relevant to sentencing decision). Based on the foregoing, we conclude Appellant's revocation sentence should remain undisturbed. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015

- 13 -