J-S68004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY TORRENCE DORSEY, | |
| Appellant | No. 1019 WDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004000-2008, CP-02-CR-0005905-2006

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 23, 2016**

Appellant, Anthony Torrence Dorsey, appeals from the judgments of sentence entered following revocation of his probation. We affirm.

On October 16, 2008, Appellant pled guilty to charges included in two criminal informations. At CC-2006-05905, Appellant pled guilty to one count of possession with intent to deliver ("PWID") cocaine and one count of possession of drug paraphernalia. At the PWID count, Appellant was sentenced to two to four years of incarceration, followed by three years of probation. Sentencing Order, 10/16/08, CC-2006-05905, at 1-3. At the

_____

[*] Retired Senior Judge assigned to the Superior Court.

possession of drug paraphernalia count, Appellant was sentenced to one year of probation, concurrent to probation at the first count. *Id.*

At CC-2008-04000, Appellant pled guilty to one count of escape and one count of summary criminal mischief. On the escape count, Appellant was sentenced to eleven and one-half to twenty-three months of incarceration, followed by three years of probation to run concurrently with the sentence imposed at CC-2006-05905, plus restitution.[1] Sentencing Order, 10/16/08, CC-2008-04000, at 1-3.

A detainer was filed against Appellant at both cases due to a subsequent arrest on February 21, 2013. The trial court summarized the facts leading to Appellant's arrest as follows:

> On February 21, 2013, Officer Simoni began conducting surveillance on Room 323 at a Motel 6 on Banksville Road in the City of Pittsburgh. He observed [Appellant] leave the room, enter a silver Cadillac, reach under the seat, grab something and return to the room only after a few minutes. He observed [Appellant] leave the hotel and return numerous times over a four-hour period. Sometimes, he would enter another room, Room 418, in the motel and return back to Room 323. At some point, [Appellant] again got into the Cadillac and began driving on Banksville Road. Officer Simoni and his partner conducted a traffic stop of [Appellant's] vehicle. During a search of [Appellant's] person, the officers located two large bundles of currency. Small rubber bands were also recovered. Officer Simoni indicated that these rubber bands were consistent with rubber bands used to package heroin stamp bags. No contraband was recovered and [Appellant] was permitted to leave the scene.

---

[1] No further penalty was imposed on the criminal mischief count.

Detectives returned to the Motel 6 to continue surveillance. At approximately 5:45 p.m., [Appellant] returned to the hotel. [Appellant] was observed leaving Room 323 for short periods of time only to return after a few minutes. At approximately 8:00 p.m., [Appellant] was observed leaving Room 323 and then entering Room 418 of the Motel 6. After a few minutes, another person, Jason Porter, was seen entering Room 418. Porter left the room after approximately five minutes. After Porter left, detectives conducted a traffic stop of the vehicle in which he was travelling and they found Porter to be in possession of approximately 50 stamp bags of heroin. After becoming aware of the heroin found on Porter, Officer Simoni then began to walk toward Room 418. As he approached the room, [Appellant] was observed exiting Room 418. [Appellant] was detained in the hallway and he admitted that he rented Room 323. Another detective proceeded to Room 418 and knocked on the door. While checking the room the detective observed in plain view 380 stamp bags, raw heroin, cocaine, scales[,] empty bags and packaging materials. Based on this information, a search warrant for Room 323 was sought and obtained. Currency in the amount of $3,500, 158 stamp bags of heroin and a digital scale were recovered from Room 323.

Trial Court Opinion, 11/5/15, at 2-3.

This activity constituted the basis for a violation of probation ("VOP") hearing. These circumstances also resulted in subsequent drug charges being filed against Appellant at criminal information CC-2013-05582 ("subsequent charges").

In the subsequent charges proceedings, Appellant filed a motion to suppress the evidence of drug activity obtained on February 21, 2013. The trial court concluded that, based on the four corners of the affidavit, there was not probable cause to issue the warrant for the search of Room 323 at the Motel 6. Thus, any evidence obtained from Room 323 was suppressed. While the trial court granted the motion to suppress evidence seized from

Appellant's motel room, the court denied Appellant's motion to suppress evidence seized from Appellant's vehicle. The Commonwealth filed an appeal from the trial court's ruling to this Court, and this Court affirmed the trial court's suppression ruling. *Commonwealth v. Dorsey*, 1180 WDA 2014, 122 A.3d 453 (Pa. Super. filed May 18, 2015) (unpublished memorandum). The Commonwealth subsequently filed a petition for allowance of appeal from this Court's affirmance of the suppression court's ruling. That petition for allowance of appeal was denied on December 31, 2015. *Commonwealth v. Dorsey*, 130 A.3d 1286, 216 WAL 2015 (Pa. filed December 31, 2015).[2]

The VOP hearing was held on May 27, 2015. N.T., 5/27/15, at 1-53. At the VOP hearing, testimony of Detective Justin Simoni regarding the events of February 21, 2013, was introduced, including a description of evidence seized from Room 323 of the Motel 6. *Id.* at 24-27. Appellant objected to introduction of this testimony on the basis of the trial court's order granting his suppression motion in the subsequent charges proceedings. *Id.* at 8-10. The probation-revocation court ruled that the testimony, though suppressed in the subsequent charges proceedings, was

---

[2] With regard to further proceedings on the subsequent charges, the Commonwealth's brief notes that "the public docket for Appellant's new case . . . indicates that he has yet to go to trial." Commonwealth's Brief at 13, n.4. The Commonwealth also references the fact that the suppression order related to evidence seized from Appellant's motel room and not to evidence seized from his vehicle. *Id.*

admissible at the VOP hearing. *Id.* Thus, the VOP court permitted Detective Simoni to testify about the events of February 21, 2013. *Id.* at 13-34. Following the hearing, Appellant's probation was revoked, and he was sentenced to three to six years of incarceration at a state correctional institution at CC-2006-05905. Sentencing Order, 5/27/15, CC-2006-05905, at 1. At docket number CC-2008-04000, Appellant was sentenced to five years of probation, to be served consecutively to confinement imposed at CC-2006-05905. Sentencing Order, 5/27/15, CC-2008-04000, at 1. No post-sentence motions were filed. Appellant timely appealed. Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Whether the trial court erred in admitting evidence in a hearing for violation of probation where that evidence had previously been suppressed in the prosecution of [Appellant] for another offense?

II. Whether the trial court abused its discretion in imposing a sentence of total confinement for technical violations of probation where [Appellant] had already served a substantial period of incarceration and, while incarcerated, he had taken steps to change his behavior upon release and developed a plan for his continued rehabilitation?

Appellant's Brief at 6.

In his first issue, Appellant argues that the trial court erred in admitting evidence in the VOP hearing, where that evidence had been suppressed in the prosecution of the subsequent charges. Appellant's Brief at 17. Appellant asserts that the Commonwealth delayed the hearing on the

violation of probation until after the trial on new charges. *Id.* at 18. Appellant maintains that after he was acquitted, the Commonwealth brought an action to revoke Appellant's probation on the basis of the same facts. *Id.* Appellant contends that this case is analogous to *Commonwealth v. Brown*, 469 A.2d 1371 (Pa. 1983). *Id.* at 18-19. Appellant asserts that his sentence must be vacated and the case returned for a new probation violation hearing. *Id.* at 19.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007). The Sentencing Code permits a court to revoke an order of probation under the following circumstances:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.--**The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b) Revocation.--**The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(a)-(c). Whether the probationer, in fact, violated the conditions of his probation must be demonstrated by evidence of probative value. *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001). The Commonwealth bears a lesser burden of proof at a probation revocation hearing than it does in a criminal trial. *Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Perreault*, 930 A.2d at 558. "[A]n implied condition of any sentence of probation is that the defendant will not commit a further offense." *Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005).

A revocation hearing need not "be conducted with the same procedural and evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts." *Commonwealth v. Kates*, 305 A.2d 701, 710 (Pa. 1973). "In this area of rights of probationers and parolees the

controlling factor is not whether the traditional rules of evidence or procedure including Fourth and Fifth Amendment exclusionary rules, have been strictly observed, but rather whether the probative value of the evidence has been affected." ***Id.***, s***ee also Commonwealth v. Holder***, 805 A.2d 499, 504 n.7 (Pa. 2002) (stating that in revocation hearing, "probationer … is not entitled to strict application of the rules of evidence or procedure, including the Fourth and Fifth Amendment exclusionary rules"); ***Commonwealth v. Lehman***, 851 A.2d 941 (Pa. Super. 2004) (holding that in context of probation violation hearings and application of exclusionary rule, Pennsylvania Constitution affords no greater protection than does federal constitution).

While Appellant fails to specify in his brief the evidence to which he objected to having admitted at the VOP hearing, we surmise he is referring to the testimony of Detective Simoni that outlined the events of February 21, 2013, resulting in Appellant's subsequent arrest and the subsequent charges. As noted, the trial court's ruling suppressed evidence found in Room 323 at the motel, but not evidence found in Appellant's vehicle. This Court affirmed that decision, and our Supreme Court denied the Commonwealth's petition for allowance of appeal on that issue.

We further note that contrary to Appellant's assertion, the Commonwealth did not delay Appellant's VOP hearing until after the trial on the subsequent charges. There is no evidence of record that Appellant was

acquitted on the subsequent charges, let alone evidence that the alleged acquittal occurred before the VOP hearing.[3]  As a result, Appellant's reliance on **Commonwealth v. Brown**, 469 A.2d 1371 (Pa. 1983) is misplaced.[4]

Instead, in the matter before us, Appellant's VOP hearing occurred **before** trial on the subsequent charges.  While the trial court granted Appellant's suppression motion as to the evidence obtained at the motel in the subsequent charges proceeding prior to the VOP hearing, there was no final disposition as to those subsequent charges.  Accordingly, we find the Supreme Court's decision in **Kates**, to be analogous to the case before us and instructive as to Appellant's claim.

In **Kates**, after the appellant's conviction for wantonly pointing a firearm, aggravated assault, and battery, she was placed on probation.  **Id.**

_____

[3] As noted, in its brief which was filed in this Court on July 21, 2016, the Commonwealth asserts that Appellant had not been acquitted of the subsequent offenses and had yet to proceed to trial.  Commonwealth's Brief at 13, n.4.  Moreover, the Commonwealth's petition for allowance of appeal on the suppression issue, following our affirmance of the suppression court's order, was denied by our Supreme Court on December 31, 2015.  Accordingly, the evidence of record supports the conclusion that Appellant had not yet proceeded to trial on the subsequent charges at the time the VOP hearing was held on May 27, 2015.

[4] In **Brown**, the appellant was arrested and charged with new criminal offenses while serving probation.  **Id.** 469 A.2d at 1372.  The trial on the new criminal offenses occurred **prior** to the appellant's VOP hearing.  **Id.**  The appellant was acquitted of the new criminal charges.  **Id.**  As a result, our Supreme Court concluded that the VOP hearing judge was collaterally estopped from revoking the appellant's probation based on charges of which the appellant had been acquitted.  **Id.** at 1377-1378.

at 703. While on probation, the appellant was again arrested, this time for homicide, and a revocation of probation hearing was conducted. *Id.* At the revocation hearing, primarily on the basis of an incriminating statement attributed to the appellant, the hearing judge found that the appellant had shot and killed Frank Jordan. *Id.* Her probation was revoked and she was sentenced to incarceration. *Id.* The appellant filed an appeal from that judgment of sentence. *Id.* Subsequent to the revocation of probation, the court granted a motion to suppress the statement made by the appellant because it violated the mandates of *Miranda v. Arizona*, 384 U.S. 436 (1966), on the homicide charge.[5] *Id.*

On appeal from the probation revocation judgment of sentence, the appellant first argued that the practice of conducting a probation violation hearing prior to the trial for the subsequent offense should be disallowed on constitutional and policy considerations. *Id.* at 706. Our Supreme Court held that it is permissible to conduct a revocation hearing before trial on the subsequent offense. *Id.* at 709.

The appellant also argued that her incriminating statement that had been suppressed in the homicide proceeding should not have been admitted at the probation revocation hearing. *Id.* at 711. The Court determined, however, that the fact that the appellant's statement was subsequently ruled

---

[5] No appeal was taken from that ruling and the appellant was eventually found not guilty of the slaying of Frank Jordan.

inadmissible in the homicide proceeding because it violated *Miranda* did not preclude it from being presented during her revocation hearing and did not form the basis of a denial of due process. *Id.* at 711. In making this determination, the Court provided the following explanation:

> At the subsequent trial the issue is whether the elements of the offense or offenses charged are present and the burden is upon the Commonwealth to establish all of the requisite elements beyond a reasonable doubt. The focus of a probation violation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct.

*Kates*, 305 A.2d at 708.

> The Court further stated:

> [No case law] that has come to our attention, requires that a revocation hearing be conducted with the same procedural and evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts. In this area of rights of probationers and parolees the controlling factor is not whether the traditional rules of evidence or procedure including Fourth and Fifth Amendment exclusionary rules, have been strictly observed, but rather whether the probative value of the evidence has been affected. As discussed above, the purpose of the revocation hearing is simply to establish to the satisfaction of the judge who granted probation that the individual's conduct warrants his continuing as a probationer.

*Kates*, 305 A.2d at 710. The appellant's judgment of sentence was affirmed. *Id.* at 711. Thus, the Supreme Court held that the exclusionary rules do not apply to probation revocation hearings. *Id.* at 710; *see also*

*Holder*, 805 A.2d at 504 n.7 (stating that in a revocation hearing,

"probationer … is not entitled to strict application of the rules of evidence or procedure, including the Fourth and Fifth Amendment exclusionary rules.").

In the case before us, as determined by our Supreme Court, there was no prohibition to conducting the VOP hearing prior to trial on Appellant's subsequent charges. Additionally, as result of the different standards and purposes of the two proceedings, the exclusionary rules did not prohibit introduction of evidence at the VOP hearing that was suppressed in the new criminal charges proceeding. Thus, in light of the procedural posture of the case before us, the VOP hearing court did not err in permitting the testimony of Detective Simoni. This is true even if Appellant was later acquitted of the subsequent charges that formed the basis for revocation of his probation. *Kates*, 305 A.2d at 703, 711; *see also Holder*, 805 A.2d at 504 n.8 ("even if the probationer is later acquitted of the criminal charges, the factual support for the earlier probation revocation is not necessarily removed, and the revocation may still stand."). Appellant's first claim lacks merit.

In his second claim, Appellant argues that the trial court abused its discretion in imposing a sentence of total confinement for technical violations where Appellant had already served a substantial period of incarceration and, while incarcerated, had taken steps to change his behavior upon release, and developed a plan for his continued rehabilitation. Appellant's Brief at 21. As a result, Appellant contends that his revocation sentences must be vacated, and he is entitled to a new sentencing hearing. *Id.* at 22.

Appellant's issue challenges the discretionary aspects of his sentence.[6] We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M. Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question

---

[6] In *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), this Court held that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Thus, there is no impediment to our review.

is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, Appellant brought a timely appeal. Additionally, Appellant has included a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief.

Fatal to his claim, however, is the fact that Appellant failed to raise this challenge at the time of sentencing on the probation revocation, N.T., 5/27/15, at 1-53, or in a post-sentence motion. Thus, this claim is waived. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/23/2016</u>