J. S47036/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                 v.            :
                                    :
JOHN L. ROBERTS,            :        No. 1104 EDA 2016
                                    :
                 Appellant       :


Appeal from the Judgment of Sentence, March 14, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009992-2013


BEFORE: LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED August 8, 2017**

John L. Roberts appeals from the judgment of sentence of March 14, 2016, following revocation of his parole. After careful review, we vacate the judgment of sentence and remand for further proceedings.

The trial court has aptly summarized the history of this matter as follows:

> [Appellant] previously plead guilty to Possession with the Intent to Deliver (35 Pa.C.S.[A.] § 780-113(A)(30)) and Conspiracy (18 Pa.C.S.A. § 903(c)). He was sentenced to a period of incarceration of nine (9) to twenty-three (23) months followed by three (3) years['] probation. On March 14, 2016, the Commonwealth argued a "Daisey Kates" motion for a parole violation of

[appellant].[1] Previously in the underlying case which precipitated the "Daisey Kates" motion, another court granted a motion to suppress with regard to narcotics found on [appellant]. However this court declined to extend that motion to the parole revocation hearing and found [appellant] in direct violation of his parole. He was sentenced to serve the balance of his back-time.

[Appellant] filed a timely notice of appeal on April 7, 2016. On July 1, 2016, this court entered an order pursuant to Pa.R.A.P. § 1925(b) giving [appellant] twenty-one (21) days to file and serve his response. [Appellant] timely filed his response on July 22, 2016.

Trial court opinion, 10/31/16 at 1 (emphasis deleted).

The findings of fact contained *infra* relate to the events that constituted the violation of [appellant's] parole and not the back case for which he was already on parole. On November 19, 2014, at around 7:30 p.m., Philadelphia Police Officer [Jeffrey] Strubinger along with his partner, Officer [Jason] Tomon, were on patrol in the area of 5200 Ogontz Ave., Philadelphia. Notes of Testimony, March 14, 2016, p. 8-9. They stopped a vehicle where [appellant] was the front seat passenger. Id. Officers observed that the car had tinted windows. Id., at 10. When the officers approached the vehicle, they ordered the driver to roll down the windows. Id. Officer Tomon then opened the driver side door and observed narcotics in a soda bottle. Id. [Appellant] was then detained and searched. Id. at 12. In his right shoe officers found 35 packets of crack cocaine. Id.

*Id.* at 2 (emphasis in original).

---

[1] ***Commonwealth v. Kates***, 305 A.2d 701 (Pa. 1973) (no prohibition preventing lower court from conducting probation/parole revocation proceedings before conclusion of trial based on charges leading to revocation claim).

Appellant has raised the following issue for this court's review:

> Did not the revocation court err by proceeding with a hearing pursuant to Commonwealth v. Daisey Kates and deny [appellant]'s motion to exclude evidence obtained in violation of [appellant]'s privacy rights under Article I, Section 8 of the Pennsylvania Constitution, and fail to apply the suppression remedy to this evidence that was previously granted at the criminal trial level; and should not this Court exclude the previously suppressed evidence pursuant to our Supreme Court's holding in Commonwealth v. Arter, [151] A.3d [149] (Pa. December 28, 2016) and reverse the parole revocation finding?

Appellant's brief at 3.

Following a suppression hearing held on December 4, 2015, appellant's motion to suppress physical evidence with regard to the new charges was granted. The trial court determined that there was no probable cause to arrest appellant, the front-seat passenger of the vehicle. (Notes of testimony, 12/7/15 at 3.) The Commonwealth did not appeal that decision.

Subsequently, appellant appeared for a parole revocation hearing at which appellant argued that the narcotics found on his person had been suppressed by a court of coordinate jurisdiction and should not be considered. (Notes of testimony, 3/14/16 at 5-6.) Following the law in effect at that time, the trial court denied the motion on the basis that the exclusionary rule is not applicable to revocation proceedings. **See Commonwealth v. Lehman**, 851 A.2d 941 (Pa.Super. 2004) (declining to apply the exclusionary rule to parole and probation revocation proceedings

under Article I, Section 8 of the Pennsylvania Constitution); *see also Pa. Bd. of Probation & Parole v. Scott*, 524 U.S. 357 (1998) (the federal exclusionary rule does not apply in parole revocation proceedings). Appellant noted that at the time of his parole revocation hearing, *Arter* was pending on appeal before the Pennsylvania Supreme Court. (Notes of testimony, 3/14/16 at 5-6.) In denying appellant's suppression motion and finding appellant in violation of his parole, the trial court acknowledged the pending decision in *Arter* but concluded that it was bound by existing precedent:

> THE COURT: Yes, I understand. And I understand that there are Constitutional issues pending before the Supreme Court, and I appreciate that, that the state of the law now is, a violation of parole hearing, it's a different standard, different evidence comes in, including evidence that has been suppressed, because there are different considerations and different standards.
>
> So based on the state of the law that it is now, the Court will conclude that [appellant] violated his parole, and the Court will grant the Dais[e]y Kates motion and find [appellant] in violation of his parole.

Notes of testimony, 3/14/16 at 17-18.

Subsequently, on December 28, 2016, the Pennsylvania Supreme Court handed down *Arter*, in which it decided that under Article I, Section 8, the exclusionary rule applies to parole revocation proceedings. In *Arter*, at the criminal proceedings on the new drug charges, the trial court granted the defendant's motion to suppress, concluding the search of the defendant,

a parolee, was not supported by reasonable suspicion as required under 42 Pa.C.S.A. § 9912(d)(1)(i). *Arter*, 151 A.3d at 152. As in this case, the Commonwealth did not dispute that the evidence was properly suppressed in the criminal proceedings. *Id.* At his parole revocation hearing, the trial judge denied the defendant's suppression motion, revoked his parole, and resentenced the defendant to serve the balance of his sentence, relying on this court's decision in *Lehman*. *Id.*

This court affirmed, and our supreme court reversed, concluding that

> application of the exclusionary rule to revocation proceedings is in accord with this Court's consistent and repeated emphasis that the primary purpose of the exclusionary rule under Article I, Section 8, is protecting the individual privacy rights of our citizens, as opposed to deterring police misconduct. This purpose is equally applicable to criminal proceedings and revocation proceedings.

*Id.* at 167 (citation omitted).

> As it is undisputed that there was no reasonable suspicion for the parole officer's warrantless search of Appellant, we hold that, pursuant to Article I, Section 8 of the Pennsylvania Constitution, the evidence seized as a result of the search was inadmissible at Appellant's parole revocation proceedings, and, thus, Appellant's motion to suppress filed with respect to those proceedings should have been granted.

*Id.*

The Commonwealth agrees that *Arter* controls the case *sub judice* and does not oppose vacating the order revoking appellant's parole and remanding for further proceedings. (Commonwealth's brief at 6.) The trial

court is correct that based on the prevailing case law at the time of appellant's parole revocation proceeding, his suppression motion was properly denied. (Trial court opinion, 10/31/16 at 3.) However, appellant is entitled to the benefit of the Pennsylvania Supreme Court's recent decision in *Arter*. *See Blackwell v. Commonwealth State Ethics Comm'n*, 589 A.2d 1094, 1099 (Pa. 1991) ("[W]e adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in the law which occur before the judgment becomes final." (quotation marks and citations omitted)). Therefore, it is necessary to vacate the judgment of sentence in this case and remand for a new parole revocation hearing without consideration of the suppressed evidence.

Judgment of sentence vacated. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 8/8/2017