## Commonwealth *v.* Newman, Appellant.

Submitted June 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Jonathan Miller*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*James T. Ranney* and *Milton M. Stein*, Assistant District Attorneys, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 19, 1973:

This is an appeal from the judgment of sentence following a revocation of probation hearing in the Court of Common Pleas, Criminal Division, of Philadelphia County, by the defendant-appellant, William Newman.

The appellant, William Newman, was arrested on August 13, 1969, and charged with the theft of a quantity of cigarettes. On September 23, 1970, he entered a plea of guilty to a charge of receiving stolen goods. The court below sentenced him to imprisonment for from one to three years. The sentence was immediately suspended and the appellant placed on probation for a period of three years.

On February 13, 1973, a violation of probation hearing was held. At its conclusion, the appellant's probation was revoked and he was sentenced to imprisonment for one to three years. This appeal followed.

In the opinion of the court below dated May 18, 1973, written by the sentencing judge, it was indicated that the appellant's probation was being revoked for two reasons: the first reason being, that it was shown at the hearing that the appellant had been arrested for aggravated robbery during the period of his probation; and the second reason was that the revocation was the result of technical violations, to wit: that the appellant failed to report to his probation officer under the terms of the original probation.

The appellant contends that the revocation was in error because at the hearing no evidence was presented to substantiate in any way the charge of aggravated robbery and because the charge was cited as one of the reasons for revocation.

The record reveals that the appellant's arrest on the charge was not supported at the revocation hearing by probative evidence to substantiate the charge. Although it is not necessary to apply the same strict rules of evidence at a revocation hearing as is necessary at trial nevertheless some probative evidence must be entered to substantiate the naked charge of aggravated robbery. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). If this was the only violation of appellant's

probation, appellant's position that revocation was improper would have to be upheld under the reasoning of *Kates,* supra.

However, the record also reveals that appellant had committed technical violations of his probation in that he failed to report to his probation office after February 14, 1972. This being the case, the court properly revoked the probation. 61 P.S. §331.25.

If the reasoning of *Kates,* supra, is further extended we may reach the point where sentencing judges may forego the probation machinery altogether as it is purely for the benefit of the defendant. The multiplicity of hearings demanded and the loss of control of the defendant by the sentencing judge may result in great damage to society in leaving at large defendants who have proven by their conduct they didn't deserve the consideration given in the first place. In probation matters, the balance that we give to the protection of the rights of society against the rights of the defendant comes brightly into focus. The power to grant the privilege of probation to a convicted defendant should carry with it the right to revoke the privilege if it is abused.

Judgment of sentence is affirmed.

CONCURRING OPINION BY SPAETH, J.:

I agree that the judgment of sentence should be affirmed but I cannot join in the majority's remarks regarding probation. I do not think it helpful to speak of probation as a "privilege" that is "purely for the benefit of the defendant." In many cases probation offers the best chance that the defendant will become a responsible citizen, thereby benefitting not only himself but the community; and in some cases this is so plainly true that to imprison the defendant would represent an abuse of judicial power. *See generally* ABA

Project On Standards For Criminal Justice, Standards Relating To Probation (approved draft, 1970). We should not indulge in *obiter* that may discourage resort to probation.

HOFFMAN and SPAULDING, JJ., join in this concurring opinion.