406 A.2d 569

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph MALLON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided June 15, 1979.

Arthur J. King, Assistant Public Defender, Chief, Appeals Division, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

Appellant appeals a sentence of imprisonment he received pursuant to revocation of his probation on two separate offenses.

On February 27, 1975, appellant was sentenced by Judge Joseph STANZIANI to a period of three years probation for conspiring to deliver narcotics. On February 9, 1976, appellant was sentenced by President Judge Richard LOWE to five years probation for another narcotics offense. As a condition of probation, appellant spent some sixteen months as a resident-participant in a drug treatment program conducted by Abraxas Foundation, Inc., a non-profit organization.

On December 16, 1977, appellant was arrested and detained on a charge of receiving stolen property, as a result of which proceedings were begun to revoke his probation. On January 13, 1978, President Judge LOWE and Judge STANZIANI, sitting together, ruled that appellant had violated the terms of his probation because they found by a preponderance of the evidence: 1) that appellant had committed the crime of receiving stolen property; and 2) that appellant had committed technical violations of his probation, by failing to submit urine samples and monthly reports, failing to make restitution, and failing to report his arrest.

On April 12, 1978, after a pre-sentence investigation, President Judge LOWE sentenced appellant to a term of imprisonment of two and one-half to seven years. On April 14, 1978, Judge STANZIANI imposed an identical sentence, and ordered it to run concurrently.

■ Appellant first argues that there were insufficient grounds for revoking his probation.

Under the Sentencing Code a court may revoke its order of probation upon finding that the defendant has violated the terms of his probation. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1371, added Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1371(b). Upon revocation, the court has available to it the same sentencing alternatives as it had at the time of the initial sentencing. *Id.*

Clearly, here there were grounds for revoking appellant's probation. Appellant admitted at the revocation hearing that he violated technical conditions of his probation, and he concedes on appeal that such technical violations are a sufficient basis for revocation. 18 Pa.C.S. § 1371(b). *See Commonwealth v. Holm,* 233 Pa.Super. 281, 335 A.2d 713 (1975); *Commonwealth v. Newman,* 225 Pa.Super. 327, 310 A.2d 380 (1973).

Moreover, an implied condition of any sentence of probation is that the defendant will not commit a further offense. *Commonwealth v. Martin,* 262 Pa.Super. 113, 396 A.2d 671 (1978); *Commonwealth v. Duff,* 201 Pa.Super. 387, 192 A.2d 258, *rev'd on other grounds,* 414 Pa. 471, 200 A.2d 773 (1963). Here, on the basis of the evidence presented to it, the lower court found that appellant had committed the further offense of receiving stolen property. In this regard, the court was required to find that the evidence was of sufficient probative value to substantiate that a violation of the terms of probation occurred. *Commonwealth v. Rossetti,* 225 Pa.Super. 524, 388 A.2d 1090 (1978); *Commonwealth v. Newman, supra; Commonwealth v. Clark,* 225 Pa.Super. 171, 310 A.2d 316 (1973). That test was met. There was testimony that the morning after a burglary, appellant attempted to sell one of the items stolen in the burglary to a repairman, who recognized the item as something he had recently repaired for its rightful owner. There was further testimony that when the repairman asked appellant if the item had come from the scene of the burglary, appellant immediately left. Appellant offered no explanation for his possession of the stolen item.

■ Appellant next argues that the lower court failed to meet the necessary conditions for imposing a sentence of total confinement.

Upon revocation of probation, a court is not permitted to impose total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

18 Pa.C.S. § 1371(c).

Here, the lower court could not invoke subsection (1), for appellant had not been *convicted* of another crime. The lower court's sentence does, however, fall within the scope of both subsections (2) and (3). The court expressly found that appellant would not respond to further probationary treatment and that there was a substantial risk that appellant would commit another offense if released into the community, thus meeting the requirements of subsection (2). The court also found that a lesser sentence would deprecate the seriousness of the offense, thus meeting subsection (3)'s requirement that the sentence be essential to vindicate the authority of the court.

■ Appellant next argues that the lower court failed to set forth in its opinion the basis for the sentences imposed, in violation of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

President Judge LOWE identified on the record and in his opinion several factors influencing his sentence, namely, that "the defendant is unlikely to respond affirmatively to probationary treatment, there is no excessive hardship on any individual other than the defendant by his total confinement, there is a substantial risk that defendant will commit another offense if he is released into the community, the defendant is in need of correctional treatment which can be provided most effectively by commitment to an institution,

and any lesser sentence would tend to deprecate the seriousness of the offense." Judge STANZIANI engaged in an extensive on the record colloquy with appellant and his counsel on the necessity of imposing imprisonment, and noted in his opinion that he concurred with the opinion of President Judge LOWE. Plainly, both judges gave careful consideration to their respective sentences, and their reasons for their sentences are set forth of record.

■ Appellant finally argues that he should have been given credit against his sentences for the 16 months he spent in the Abraxas drug treatment program.

The Sentencing Code, 18 Pa.C.S. § 1360(1), requires that a defendant be given credit for all time spent in custody as a result of the charge for which a prison sentence is imposed. In *Commonwealth v. Usher*, 264 Pa.Super. 435, 399 A.2d 1129 (1979), this court recently noted that the Abraxas program encompasses sufficient coercive features to constitute "custody" for purposes of crediting defendants with time served. Participants in the program are forbidden from leaving, and a regular "head count" requires each participant to be in an assigned place at a particular time. The facility is isolated, and if a participant leaves, a search is begun and the police are called. Thus, the time appellant spent in the Abraxas program, from February 10, 1976, to June 14, 1977, was spent in custody, and appellant is entitled to a credit of 489 days on his sentence.

Sentence affirmed as modified.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

This case is clearly distinguishable from *Commonwealth v. Jones*, 211 Pa.Super. 366, 236 A.2d 834 (1967). I cannot agree that the drug treatment program here involved meets the test of custody as it has been defined over the years by the courts of Pennsylvania. It is true that in *Commonwealth v. Usher*, 264 Pa.Super. 435, 399 A.2d 1129 (1979); a panel of this court, by a 2–1 split vote, found the Abraxas

program to constitute custody. I cannot accept that decision, so must take this means of expressing strong disagreement. This, I fear, is but a forerunner of the future under the convoluted system of panels in this court.

I dissent and would affirm the judgment of sentence.