J-S58032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT KROLICK | |
| Appellant | No. 365 WDA 2014 |

Appeal from the Judgment of Sentence February 5, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000344-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT KROLICK | |
| Appellant | No. 366 WDA 2014 |

Appeal from the Judgment of Sentence February 5, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000345-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 04, 2014**

Appellant, Robert Krolick, appeals from the judgment of sentence entered in the Jefferson County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

_____

*Retired Senior Judge assigned to the Superior Court.

The relevant facts and procedural history of this appeal are as follows. On October 7, 2009, Appellant pled guilty to multiple offenses at separate docket numbers. At No. 344 of 2009, Appellant pled guilty to delivery of a controlled substance. The court accepted the plea and sentenced Appellant to five (5) months to two (2) years less one (1) day of imprisonment, followed by three (3) years plus one (1) day of probation. At No. 345 of 2009, Appellant pled guilty to theft by deception. The court accepted the plea and sentenced Appellant to two (2) years' probation.

Appellant subsequently violated the terms of his probation. The court conducted a revocation hearing on May 5, 2010. At the conclusion of the hearing, the court revoked probation at both docket numbers. At No. 344 of 2009, the court re-sentenced Appellant to five (5) years' restrictive intermediate punishment. At No. 345 of 2009, the court re-sentenced Appellant to two (2) years' probation, consecutive to the sentence imposed at No. 344 of 2009.

Appellant again violated the terms of his probation. The court conducted a revocation hearing on December 15, 2010. At the conclusion of the hearing, the court revoked both the intermediate punishment and the probation sentences. At No. 344 of 2009, the court re-sentenced Appellant to two (2) years' probation, to run consecutive to another sentence at an unrelated docket number. At No. 345 of 2009, the court re-sentenced Appellant to two (2) years' probation, consecutive to the probation sentence

imposed at No. 344 of 2009.

Appellant subsequently violated his probation after pleading guilty to new offenses. The court conducted a revocation hearing on February 5, 2014. At the conclusion of the hearing, the court revoked all probation. At No. 344 of 2009, the court re-sentenced Appellant to six (6) to fifteen (15) years' imprisonment. At No. 345 of 2009, the court re-sentenced Appellant to a consecutive term of three (3) days to two (2) years' imprisonment. The court ordered both sentences to run consecutive to another sentence at an unrelated docket number. Appellant timely filed a post-sentence motion on February 14, 2014. In it, Appellant argued, "[T]hese sentences to the State Correctional Institution constitute an extraordinarily long period of incarceration, and are excessive given the severity of the violation." (Post-Sentence Motion, filed 2/14/14, at 2). On February 19, 2014, the court denied the post-sentence motion.

Appellant timely filed a notice of appeal on March 4, 2014. On March 6, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on March 21, 2014.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1)

petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting ***Commonwealth v. Townsend***, 693 A.2d 980, 982 (Pa.Super. 1997)).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[1] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.

---

[1] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

- 4 -

\* \* \*

Under ***Anders,*** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw representation. The petition states counsel reviewed the record and all correspondence with Appellant, and counsel concluded the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any additional points Appellant deems worthy of this Court's consideration. In his ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that might arguably support the issue raised on appeal and offers citations to relevant law. The brief also provides counsel's conclusion that the appeal is wholly frivolous. Thus,

counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issue raised in the **Anders** brief:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED APPELLANT'S COUNTY-LEVEL PROBATION AND RE-SENTENCED HIM TO SERVE AN AGGREGATED SENTENCE OF A MINIMUM SIX (6) YEARS THREE (3) DAYS TO A MAXIMUM OF SEVENTEEN (17) YEARS' INCARCERATION IN THE STATE CORRECTIONAL INSTITUTION FOR APPELLANT'S VIOLATION OF PROBATION.

(**Anders** Brief at 3).

On appeal, Appellant asserts the court imposed an unreasonable sentence in light of the probation violations at issue. Further, Appellant contends the court failed to provide adequate reasons to justify the sentence. Appellant concludes the court abused its discretion by imposing an excessive sentence of total confinement. Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation hearing, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. *Commonwealth v. Heilman*, 876 A.2d 1021 (Pa.Super. 2005). "The Commonwealth establishes a probation

- 6 -

violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa.Super. 2007), *appeal denied*, 596 Pa. 729, 945 A.2d 169 (2008). "[A]n implied condition of any sentence of probation is that the defendant will not commit a further offense." ***Commonwealth v. Infante***, 585 Pa. 408, 420, 888 A.2d 783, 790 (2005) (quoting ***Commonwealth v. Mallon***, 406 A.2d 569, 571 (Pa.Super. 1979)).

Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Id.*** at 912. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original) (internal quotation marks omitted).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. A bald assertion of excessiveness does not raise a substantial question. **Commonwealth v. Trippett**, 932 A.2d 188 (Pa.Super. 2007).

Instantly, Appellant does not identify a specific provision of the Sentencing Code or a fundamental norm underlying the sentencing process that the court violated in imposing the latest revocation sentence. Absent more, Appellant's bald assertion of excessiveness does not raise a substantial question. **See id.** Regarding Appellant's challenge to the adequacy of the court's reasons supporting the sentence, Appellant's post-sentence motion did not include this claim. Appellant also failed to raise the claim at the revocation hearing. Instead, Appellant asserts the claim for the first time on appeal. Thus, the claim is waived. **See Mann, supra**.

Even if Appellant had properly preserved the claim, he would not be entitled to relief. At the time of re-sentencing, the court noted that Appellant had pled guilty to the new offenses of possession of drug

paraphernalia and forgery.  Thereafter, the court made the following on-the-record statement:

> I thought after all the issues you've had, you've been in boot camp and other things, that you had a job and not only came down with a drug paraphernalia charge but then you got involved in forgery, I had it set for a maximum sentence, which would be approximately nine and a half years to 17 years.
>
> So then after the assistant district attorney was saying that she thought she would give you some consideration, I took another look at it.  I still don't think that with the two separate sets of charges, because of the amount of time that it should go to no violations.  I think you need some more serious time.

(**See** N.T. Revocation Hearing, 2/5/14, at 5.)  In its opinion, the court elaborated on its reasons for the sentence imposed:

> Pursuant to 42 Pa.C.S.A. § 9771(c), a sentence of total incarceration is warranted when a defendant's conduct makes it likely that he will commit another crime if he is not imprisoned or to vindicate the authority of the court.  As the record reflects, both reasons were implicated in this case.  [Appellant] had already been given the benefit of boot camp and other rehabilitative measures and had proven that they were ineffective to curb his criminal behavior.  His new convictions…stemmed from the same kind of conduct for which he was already on probation.  Accordingly, more exacting consequences were both warranted and appropriate under the circumstances, and as the record reflects, the [c]ourt adequately considered all relevant circumstances prior to imposing sentence.

(**See** Trial Court Opinion, filed March 25, 2014, at 1-2.)

Here, the court emphasized that prior, less severe, sentences had failed to meet Appellant's rehabilitative needs.  The record confirms the court's assertion, and we conclude the court gave adequate reasons to

support the sentence imposed. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) (explaining lengthy discourse on court's sentencing philosophy is not required; rather, record as whole must reflect court's reasons and meaningful consideration of facts of crime and character of offender). Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014