J-S01036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHEEN RUSSELL | |
| Appellant | No. 2823 EDA 2014 |

Appeal from the Judgment of Sentence September 8, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004315-2012

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED JANUARY 12, 2016**

Appellant, Rasheen Russell, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On October 23, 2012, the court convicted Appellant of criminal trespass, possessing instruments of crime ("PIC"), criminal attempt to commit theft, and criminal attempt to commit receiving stolen property.[1]  The court sentenced Appellant on December 5, 2012, to six (6) to twelve (12) months'

---

[1] 18 Pa.C.S.A. §§ 3503(a); 907; 901 (§ 3921 related); 901 (§ 3925 related), respectively.

imprisonment for criminal trespass, plus one year of probation for PIC and one year of probation for attempted theft;[2] the court imposed no further penalty for the remaining conviction. On or about April 14, 2013, Appellant was paroled. After parole expired and while on probation, Appellant committed technical violations. Specifically, Appellant tested positive for drugs multiple times, failed to report to his probation officer, did not complete a drug program, and failed to make payments toward the costs associated with his case. The court held a revocation of probation hearing on September 8, 2014. At the conclusion of the hearing, the court revoked Appellant's probation for PIC, and resentenced Appellant to six (6) to twelve (12) months' imprisonment.

Appellant timely filed a motion for reconsideration on September 15, 2014. While the motion was still pending, Appellant timely filed a notice of appeal on October 7, 2014.[3] On October 31, 2014, the court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Counsel subsequently filed a statement of intent to file an *Anders*[4] brief per Pa.R.A.P. 1925(c)(4).

_____

[2] The court imposed the probationary tails consecutively.

[3] *See* Pa.R.Crim.P. 708(E) (stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition; filing of motion to modify sentence will not toll 30-day appeal period).

[4] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[5] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *       *       *

---

[5] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw representation. The petition states counsel fully reviewed the record and concluded the appeal would be wholly frivolous. Counsel indicates he notified Appellant of the withdrawal request. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any points Appellant believes have merit. (**See** Letter to Appellant, dated May 21, 2015, at 1). In his **Anders** brief, counsel provides a summary of the procedural history of the case. Counsel refers to evidence in the record that may arguably support the issues raised on appeal, and he provides citations to relevant law. The brief also provides counsel's reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of

***Anders*** and ***Santiago***.  ***See Wrecks, supra***.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal based on the issues raised in the ***Anders*** brief:

> WAS EVIDENCE THAT [APPELLANT] TESTED POSITIVE FOR MARIJUANA MULTIPLE TIMES, FAILED TO COMPLETE HIS DRUG PROGRAM, AND ABSCONDED FROM SUPERVISION SUFFICIENT FOR REVOCATION?
>
> WAS THE PROBATION REVOCATION SENTENCE ILLEGAL OR EXCESSIVE?

(***Anders*** Brief at 2).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges).

In his first issue, Appellant argues the court revoked his probation where he tested positive for drugs on multiple occasions, failed to report for supervision, and did not remain active in his drug treatment program. Appellant asserts he sustained no arrests while on probation.  Appellant

contends he also worked while on probation. Appellant maintains the reason he failed to report for supervision was due to his employer's mandatory ninety-day "probationary period," during which Appellant could not take days off from work to see his probation officer. Appellant concludes the court abused its discretion when it revoked Appellant's probation based solely on technical violations, and this Court should reverse. We disagree.

In the context of probation revocation and resentencing, the Sentencing Code provides, in pertinent part:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b) Revocation.—**The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c) Limitation on sentence of total confinement.—**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3)   such a sentence is essential to vindicate the authority of the court.
>
> *    *    *

42 Pa.C.S.A. § 9771(a)-(c).

"[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa.Super. 2006). "The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated." **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 109 A.3d 678 (2015). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct." **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa.Super. 2007), *appeal denied*, 596 Pa. 729, 945 A.2d 169 (2008).

Instantly, the court initially sentenced Appellant on December 5, 2012, to an aggregate term of six (6) to twelve (12) months' imprisonment, plus two (2) years' probation. Appellant was paroled on or about April 14, 2013.

The court held a revocation of probation hearing on September 8, 2014, based on allegations that Appellant had committed various technical violations while on probation. At the September 8, 2014 hearing, Nashia Williams, Appellant's probation officer, stated Appellant had failed to report for probation, necessitating the issuance of wanted cards for Appellant. Ms. Williams indicated police subsequently arrested Appellant on that detainer. Ms. Williams also informed the court Appellant was referred to outpatient treatment at Men and Women of Excellence, but Appellant failed to remain active in that program. Ms. Williams further confirmed that Appellant tested positive for drugs five times while on probation—once for THC (marijuana) and opiates; and the other four times for THC.

Significantly, Appellant did not dispute that he committed these technical violations.[6] Rather, defense counsel highlighted Appellant's employment while on probation. Defense counsel offered that Appellant failed to report for supervision due to his employer's mandatory ninety-day "probationary period," during which Appellant could not take days off from work to see his probation officer. Defense counsel also claimed Appellant made payments to the First Judicial District of Philadelphia, but counsel insisted those payments had been applied to other cases and not the instant

_____

[6] Appellant claimed he had a prescription for Percocet (as a result of having teeth pulled), to explain his positive drug test for opiates. Ms. Williams denied that Appellant supplied a prescription for Percocet. Appellant admitted he had no prescription for THC (marijuana).

case, by no fault of Appellant. Appellant conceded that he continues to smoke marijuana. Appellant also admitted he failed to remain active in his treatment program. The Commonwealth acknowledged Appellant's employment while on probation but pointed out that the court had already imposed a lenient sentence, given Appellant's prior record. The Commonwealth maintained Appellant's multiple failed drug tests and his failure to remain active in drug treatment demonstrate Appellant is unwilling or unable to remedy his substance abuse issues.

At the conclusion of the hearing, the court revoked Appellant's probation and resentenced him for the PIC conviction to six (6) to twelve (12) months' imprisonment. We see no reason to disrupt the court's decision to revoke probation based on Appellant's various technical violations. *See MacGregor, supra*. *See also Commonwealth v. Cappellini*, 690 A.2d 1220 (Pa.Super. 1997) (affirming revocation of probation where defendant stopped reporting to drug care facility assigned for treatment and refused to submit to drug testing, admitted using cocaine, and tested positive for cocaine and heroin); *Commonwealth v. Newman*, 310 A.2d 380 (Pa.Super. 1973) (affirming revocation of probation based solely on appellant's commission of technical probation violation by failing to report to probation office; power to grant privilege of probation to convicted defendant carries with it right to revoke privilege if it is abused). Therefore, Appellant's first issue merits no relief.

In his second issue, Appellant argues the court imposed an excessive sentence given that Appellant was working while on probation and incurred no arrests. Appellant asserts the court failed to specify one of the statutory enumerated reasons under Section 9771(c) for imposing a sentence of total confinement, following revocation based on technical violations of probation. As presented, Appellant's issue challenges the discretionary aspects of his sentence.[7]  *See Commonwealth v. Crump*, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010) (explaining claim that court erred by imposing sentence of total confinement for technical violations of probation presents challenge to court's sentencing discretion); *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (stating claim that court failed to consider factors under Section 9771(c) before imposing sentence of total confinement following probation revocation implicates discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (explaining claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

_____

[7] Notwithstanding Appellant's statement of questions presented, Appellant concedes his sentence is legal and complains only of the court's sentencing discretion.  Appellant preserved this claim in his motion for reconsideration of sentence.

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). This Court must evaluate what constitutes a substantial question on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process...." ***Id. See, e.g., Cartrette, supra*** (indicating claim that

revocation court ignored appropriate sentencing factors raises substantial question); *Malovich, supra* (holding defendant's claims that sentencing court did not state on record any reasons for sentence, imposed sentence of total confinement without discussing necessary factors, and imposed sentence excessive and disproportionate to underlying technical probation violations raised substantial questions warranting appellate review). An allegation that the sentencing court failed to consider a specific mitigating factor, however, does not necessarily raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

To the extent Appellant complains the sentencing court did not adequately consider specific mitigating factors—his employment while on probation and the fact that he incurred no new arrests—this allegation does not raise a substantial question. *See id.* Likewise, Appellant's bald claim of excessiveness does not warrant our review. *See Mouzon, supra*. Nevertheless, Appellant's claim the court failed to articulate or consider the factors under Section 9771(c) prior to imposing a sentence of total confinement for technical violations of probation, does raise a substantial question. *See Cartrette, supra*; *Malovich, supra*.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which,

absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a

lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." ***Crump, supra*** at 1283. Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id. See also Commonwealth v. Carrillo-Diaz***, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

Instantly, the court initially imposed a lenient sentence on December 5, 2012, of only six (6) to twelve (12) months' imprisonment plus two (2) years' probation, for Appellant's convictions of criminal trespass, PIC, criminal attempt to commit theft, and criminal attempt to commit receiving stolen property. While on probation, Appellant committed various technical violations by testing positive for drugs on five occasions, failing to remain active in drug treatment, failing to report to his probation officer, and failing to make payment toward the costs associated with his case. Upon the court's revocation of Appellant's probation, defense counsel asked the court if it would consider sending Appellant to the Forensic Intensive Recovery program instead of confinement. The court rejected defense counsel's offer, explaining Appellant was a "veteran criminal" with a record of nine prior arrests and convictions. The court indicated it had given Appellant a chance

to reform, which Appellant simply did not take. As the judge who presided over Appellant's probation revocation hearing was the same jurist who had presided over Appellant's initial bench trial and sentencing, the court had sufficient information to evaluate the circumstances of Appellant's case as well as Appellant's character. *See id.* The record confirms the court imposed a sentence of total confinement consistent with Section 9771(c). *See* 42 Pa.C.S.A. § 9771(c). *See also Malovich, supra* (holding record evidenced that court imposed sentence of total confinement following revocation of appellant's probation to vindicate court's authority, where appellant had not complied with previous judicial efforts such as drug court, had not "been putting anything into" court-imposed rehabilitation efforts, and it was important for appellant to appreciate seriousness of his actions; court did not quote from Section 9771(c) when imposing sentence or even mention statute by citation, but record as whole reflected court's reasons for sentencing, and court's consideration of circumstances of appellant's case and appellant's character); *Cappellini, supra* (holding appellant's continued drug use, combined with his resistance to treatment and supervision, was sufficient for court to determine appellant would likely commit another crime if not incarcerated); *Commonwealth v. Aldinger*, 436 A.2d 1196 (1981) (explaining sentence of total confinement was proper where trial court expressly found and record reflected that appellant violated probation by using drugs; record showed court considered circumstances giving rise to

- 15 -

revocation proceeding and appellant's character; even though court did not state on record that it made specific finding pursuant to Section 9771(c)(2), court is not required to parrot criteria of Sentencing Code). Thus, Appellant's second issue merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016