J-S24042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KRISTALYNN SIERRA | |
| Appellant | No. 1196 MDA 2015 |

Appeal from the Judgment of Sentence June 12, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006328-2013

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 10, 2016**

Appellant, Kristalynn Sierra, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following revocation of her probation.  We affirm.

The trial court opinion properly sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to repeat them.

Appellant raises the following issue on appeal:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-SENTENCE MOTION TO MODIFY SENTENCE WHERE THE SENTENCE IMPOSED IS EXCESSIVE IN LIGHT OF THE GRAVITY OF THE OFFENSE, APPELLANT'S REHABILITATIVE NEEDS, AND WHAT IS NECESSARY TO PROTECT THE PUBLIC?

(Appellant's Brief at 5).

Appellant argues the sentence she received is excessive,

unreasonable, and violates sentencing norms in light of her rehabilitative needs and what is necessary to protect the public. Appellant asserts she suffered a downward spiral, ignited by her mental health problems, that caused the acts which led to her probation revocation. Appellant avers she would be better able to address her rehabilitative needs outside the state prison setting. Appellant contends that, with proper mental health treatment from the numerous available facilities in the local area, she could rehabilitate herself into society and be better able to become a productive member of society, which in turn would better protect the public. Appellant concludes the trial court abused its discretion in sentencing Appellant to a state prison sentence. As presented, Appellant's issue challenges the discretionary aspects of her sentence.[1] *See Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (stating claim that court failed to consider factors under Section 9771(c) before imposing sentence of total confinement following probation revocation implicates discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (explaining claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors challenges

---

[1] Appellant preserved these challenges in her motion for reconsideration of sentence.

discretionary aspects of sentencing).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa.Super. 2007), *appeal denied*, 596 Pa. 729, 945 A.2d 169 (2008). The Sentencing Code permits a court to revoke an order of probation under the following circumstances:

> **§ 9771. Modification or revocation of order of probation**
>
> **(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c) Limitation on sentence of total confinement.**— The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(a)-(c). Whether the probationer, in fact, violated the conditions of her probation must be demonstrated by evidence of probative value. ***Commonwealth v. Sims***, 770 A.2d 346 (Pa.Super. 2001). The Commonwealth bears a lesser burden of proof at a probation revocation hearing than it does in a criminal trial. ***Commonwealth v. Allshouse***, 969 A.2d 1236 (Pa.Super. 2009). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of her probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." ***Perreault, supra*** at 558. "[A]n implied condition of any sentence of probation is that the defendant will not commit a further offense." ***Commonwealth v. Infante***, 585 Pa. 408, 420, 888 A.2d 783, 790 (2005) (quoting ***Commonwealth v. Mallon***, 406 A.2d 569, 571 (Pa.Super. 1979)).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining appellate review of revocation sentence includes discretionary sentencing challenges). Appealing the discretionary aspects of a sentence requires the appellant to invoke the appellate court's jurisdiction by including in her brief a separate concise statement demonstrating a

substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). This Court evaluates what constitutes a substantial question on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Hoover**, 909 A.2d 321 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. **See** 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196

(2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. **Id.** **See also Commonwealth v. Carrillo-Diaz**, 64 A.3d 722 (Pa.Super. 2013) (explaining where revocation court presided over defendant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing, court had sufficient information to evaluate circumstances of offense and character of defendant when sentencing following revocation).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. **Mouzon, supra** at 430, 812 A.2d at 624. A substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." **Id.** at 435, 812 A.2d at 627. **See, e.g., Cartrette, supra** (indicating claim that revocation court ignored appropriate sentencing factors raises substantial question). An allegation that the sentencing court failed to consider a specific mitigating factor, however, does not necessarily raise a substantial question. **Commonwealth v. Berry**, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

Instantly, Appellant complains the sentencing court did not adequately consider specific mitigating factors (her efforts while on probation and rehabilitative needs); this allegation does not raise a substantial question. **See id.** Likewise, Appellant's claim of excessiveness regarding the overall length of the revocation sentence does not merit review. **See Mouzon, supra**. As to any remaining claims, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Deborah E. Curcillo, we conclude Appellant merits no relief.

The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed August 14, 2015, at 4-5) (finding: court did not ignore Appellant's mental health issues and needs; court specifically ordered Appellant to receive mental health treatment in prison; Appellant's rehabilitative needs are extensive, and court gave her opportunity to take advantage of various outside programs following her initial arrest at underlying docket; Appellant started to take advantage of some programs, but she subsequently made poor choices; while under supervision, Appellant cut off her ankle monitor; Appellant's offenses are grave as they involve physical violence and included use of deadly weapon; Appellant also has history of not following through with treatment; Appellant is risk to public because once she starts making bad decisions she is unable to stop herself from spiraling downward; Appellant has demonstrated extremely poor judgment in stopping her medications and in taking synthetic marijuana). We accept the court's analysis and see no reason to disturb the sentence imposed. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2016

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS,
                                                    :. DAUPHIN COUNTY, PENNSYLVANIA
                                                    :
                    v.                                  : 1196 MDA 2015
                                                    : 6328 CR 2013
                                                    :
             KRISTALYNN SIERRA                  : CRIMINAL MATTER

## TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

Presently before the Superior Court of Pennsylvania is the appeal of Kristalynn

Sierra (hereinafter "Appellant") from the judgment of sentence entered by this Court

during a Revocation and Sentencing Hearing on June 12, 2015.

### Procedural History

On November 23, 2013, at docket 6328 CR 2013, Appellant was charged with

defiant trespass, two counts of simple assault, criminal mischief, aggravated assault and

burglary. She entered into a guilty plea on August 22, 2014.

On March 4, 2015, Appellant was charged at docket 2114 CR 2015 with escape

and criminal mischief. She entered a guilty plea on May 26, 2015.

Thereafter, on June 12, 2015, she was revoked at docket 6328 CR 2013 and

sentenced at docket 2114 CR 2015. At docket 6328 CR 2013, she was sentenced as

follows:

- Count 1: 6-12 month Dauphin County Prison
- Count 2: 1-2 years in a state correctional institution
- Count 3: 1-2 years in a state correctional institution
- All sentences to run concurrent.

5-5

At docket 2114 CR 2015 she was sentenced to 1-2 years in a state correctional institution to run consecutive to docket 6328 CR 2013.

She filed a post sentence motion asserting the revocation sentences were excessive and unreasonable and constitutes too severe a punishment in light of the gravity of the offense, what is needed to protect the public and her rehabilitative needs. This Court ordered briefs due on July 8, 2015 (Appellant), and July 23, 2015 (Commonwealth).

Appellant filed a timely brief and subsequently on July 13, 2015, filed a Notice of Appeal on docket 6328 CR 2013 pursuant to Pa.R.Crim.P 708D and E which indicate that the time for appeal is not tolled by the filing of a post sentence motion in a revocation proceeding. The Commonwealth failed to file a brief as ordered. That post-sentence motion was ruled upon on August 13, 2015, only in regards to docket 2114 CR 2015, as the 2013 docket is the subject matter of this appeal.

### Factual Background

While she was out on probation on her prior docket, Appellant attended various support groups, Support Skills, Addictive/Compulsive Behavior classes, Family Support, Female Offender's Head Start Program, utilized YWCA services and was taking creative writing programs with the goal of finishing her GED. She suffers from several mental health diagnoses: bipolar disorder, ADHD, and schizoaffective disorder.

At docket 2114 CR 2015, Appellant, who was in between residences, stayed with an ex-boyfriend. He attempted to rape her after which she cut off her ankle monitor. She

had previously been accepted into the Mental Health Program, but was kicked out of it due to her escape charges and was revoked on docket 6328 CR 2013.

Appellant was picked up after cutting her ankle monitor by her Probation Officer, Maria Slabonik. Slabonik testified that the day she picked up Appellant was "pure hell." (N.T. 7). Per Slabonik, Appellant fought them in the ambulance; at the hospital she spit on and punched a security guard. Further, Appellant seemed to recall doing all of this the following day, despite being off her medications and taking synthetic marijuana. (N.T. 6, 8).

On 6328 CR 2013, Appellant's charges included a gun which is why she received such a high sentence. (N.T. 4). In that case, she cut through screen door of her boyfriend's home while he, his mother and his sister were present. (Notes of Testimony 8/22/14, p. 3). In a negotiated plea agreement, her charge of burglary was reduced to defiant trespass. She also had two simple assault causing serious bodily injury charges. (N.T. 8/22/14 p. 2). She had been working with Case Management Unit but walked away from the hospital at one point. (N.T. 8/22/14 p. 6).

In our case, she was specifically ordered to be incarcerated at Muncy for drug, alcohol and most importantly, mental health counseling.

## Appellant's Statement of Matters Complained of on Appeal

Appellant contends that her revocation sentence is excessive and unreasonable and constitutes too severe a punishment in light of the gravity of the offense, what is needed to protect the public, and Defendant's rehabilitative needs.

## Discussion

"[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" 42 Pa.C.S.A. § 9721(b)

Appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Commonwealth v. Rodda, 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (quotation marks and citations omitted).

We cannot and did not ignore Appellant's mental health issues and needs. Our sentencing order specifically addressed her mental health needs by ordering mental health treatment at Muncy. Her rehabilitative needs are clearly extensive and she was given the opportunity to take advantage of various programs following her initial arrest at docket 6328 CR 2013. Her counsel indicated Appellant did begin to take advantage of some of the programs; however, she also began to make more poor choices. While in between homes, she began sleeping at the home of her ex-boyfriend. This man ultimately attempted to rape her which understandably caused further mental health issues. She also stopped taking her medication and began taking synthetic marijuana. Again, it's clear that the various programs she was in were not helping her as she continued to make bad decisions.

Appellant's initial offenses on docket 6238 CR 2013 involved assault and included the use of a weapon. Subsequently she cut her ankle monitor. The gravity of the

offenses are grave as they involved physical violence. She also has a history of not following through on her treatment.

Again, her original offenses included the use of a weapon. Clearly Appellant is a risk to the public because once she starts making bad decisions, she is unable to stop herself from spiraling downward. Thankfully no one was killed during her first offense, but she has demonstrated extremely poor judgment in stopping her medications and taking synthetic marijuana.

For these reasons, we ask the Superior Court to uphold and affirm our judgment of sentence entered by this Court during a revocation.

Respectfully

submitted:

_____

Deborah E. Curcillo, Judge

Dated: 8/14/15

Distribution: 8-14-15 @ 2:30pm
X The Superior Court of Pennsylvania mail
X Hon. Deborah E. Curcillo
X Clerk of Courts CC
X Ryan Lysaght, Esq., Dauphin County Public Defender's Office 10
X Jack Canavan, Esq., Dauphin County District Attorney's Office 10

2015 AUG 14 PM 1:20
DAUPHIN COUNTY PENNA
RECEIVED OFFICE OF CLERK OF COURTS